## COMMISSIONER OF INTERNAL REVENUE v. FLETCHER SAVINGS & TRUST CO.

### No. 4628.

Circuit Court of Appeals, Seventh Circuit.
June 17, 1932.

This appeal involves federal estate taxes under the Revenue Act of 1924, c. 234, 43 Stat. 253. The pertinent portions of the act are found in sections 301 (a), 302 (e), 303 (a) (2), 26 USCA §§ 1092, 1094, 1095 notes, and are set forth in the footnote.

Sections 301 (a) and 302 (e) were substantially contained in Revenue Acts of 1916 and 1921—Act of 1916, §§ 201, 202 (c), c. 463, 39 Stat. 756, 777, 778, and Act of 1921, §§ 401, 402 (d), c. 136, 42 Stat. 227, 277, 278.

The following facts, as found by the Board of Tax Appeals, are not disputed:

In 1920, by deed of gift, Frank L. Pettis and his wife, Lizzie Ada Pettis, as tenants by the entirety, acquired certain real estate in Indianapolis of the value of $123,000. Frank L. died testate November 19, 1921, devising his entire estate to his wife.

She, as his executrix, made her estate tax return on her husband's estate, including as part of the gross estate the sum of $62,500, which was one-half the value of the real estate above referred to, and the federal estate tax thereon was paid by her.

Lizzie Ada Pettis died June 1, 1925. Subsequently respondent, as her executor, filed its tax return on her estate, and from said gross estate, which included the entire value of the real estate above referred to, deducted one-half its value in the sum of $62,500, on the theory that it formed a part of the gross estate of her husband, who died within five years prior to her death.

The Commissioner denied the deduction, for the reason that the item in question was not received by the wife as a gift, bequest, devise, or inheritance, but that she acquired it by right of survivorship as the result of the property having been held by her and her husband as tenants by the entirety. The Board reversed the ruling of the Commissioner, and he now seeks a review of that action.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Lewis S. Pendleton, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

James W. Noel and Alan W. Boyd, both of Indianapolis, Ind., for respondent.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

The sole controversy in this appeal arises over the construction of section 303 (a) (2) of the Revenue Act of 1924 (26 USCA § 1095 note), which deals with allowable deductions from deceased taxpayer's gross estate. That section refers to two classes of property which under certain circumstances are deductible and are referred to as (A) and (B). The Board held that class (A) constitutes a separate description of deductible property, and is not modified by any language of the statute appearing after the letter (B).

It is contended by the government that much of the section following (B) is intended to and does also modify clause (A) to the extent that neither clause permits a deduction unless the property therein referred to was received by decedent by way of gift, devise,

43 Stat. 253, 303, 304. "Sec. 301 (a) * * * a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 1095 of this title [section 303]) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, whether a resident or nonresident of the United States."

"Section 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: * * * Provided further, That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, * * *"

"Section 303. For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate— * * *

"(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift or from such prior decedent by gift, bequest, devise, or inheritance or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax or an estate tax under this or any prior Act of Congress was paid by or on behalf of the donor or the estate of such prior decedent as the case may be, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gift or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraph (1) or (3) of this subdivision."

bequest, or inheritance. Under Commissioner's construction the two classes of property would read as follows: (A) (Any property) forming a part of the gross estate, situated in the United States, of any person who died within five years prior to the death of the decedent, where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. (B) (Any property) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift, or which can be identified as having been acquired in exchange for property so received.

Considerable support is furnished to Commissioner's contention by the legislative history of the section under discussion. Revenue Act 1918, § 403 (a) (2), c. 18, 40 Stat. 1057; Report of Committee on Ways and Means (H. R. No. 767, 65th Cong., 2nd Session, pp. 22-23); Revenue Act 1921, § 403 (a) (2), c. 136, 42 Stat. 227. It is further supported by the fact that the antecedent of the phrase "prior decedent" in clause (B) is found in clause (A) and not in clause (B). If respondent's contention is correct, as found by the Board, a deduction would be allowable under section 303 (a) (2) for property received from prior decedents by purchase, and we find nothing in the statute or in previous legislation to indicate any such intention on the part of Congress.

We are convinced, however, that respondent is entitled to recover under clause (B) of the section referred to.

In Tyler et al., Administrators, v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, the constitutionality of section 202 (c) of the Act of 1916, supra, was attacked on two grounds: (1) That so far as the tax is based upon the inclusion of the value of the interest in the estate held by the decedent and spouse as tenants by the entirety, it is an unapportioned direct tax and violates article 1, § 2, cl. 3, and section 9, cl. 4; (2) that such a tax, being so arbitrary and capricious as to amount to confiscation, results in the deprivation of property without due process of law, in violation of the Fifth Amendment. The court held that the section was not violative of the Constitution in either respect mentioned, and that under the statute it was proper to include the property in the gross estate which forms the primary base for the measurement of the tax. Thus the property so included in the husband's gross estate, although not subject to his debts, became a part of his estate, otherwise it would not be subject to the tax, for the tax is laid only on the transfer of the net estate, and the transfer must be from the estate to the survivor in order to come within the taxing statute.

Respondent's right to deduct from the gross estate of Mrs. Pettis the one-half in value of the entire estate by entirety, which was included in the gross estate of her husband, and upon which federal estate tax was assessed and paid within five years of her death, depends upon whether the transfer of that interest to her from his estate came by way of gift, bequest, devise, or inheritance. In all other respects section 303 (a) (2), supra, which authorizes deductions, has been complied with.

We think the word "inheritance" may be fairly construed to include this transfer, and we are convinced that Congress so intended it. While in legal parlance we generally regard the meaning of the word "inheritance" as the acquisition of property by one person as heir to another, yet it also means the act of possessing, receiving, obtaining, or succeeding to. The right to receive the entire property upon her husband's death came from the deed which created the estate by the entirety. The transfer to her of the interest therein which her husband had at the time of his death, and which transfer was necessary for her to completely hold and enjoy that right which the deed had given her, came from her husband's estate. She succeeded to her husband's right. She received and obtained and came into possession of it, and in that sense we think she must be considered as having inherited it from her husband's estate.

The order of the Board of Tax Appeals is affirmed.